**William Henry FLAMER, Plaintiff/Petitioner,**

v.

**Darl CHAFFINCH, Raymond P. Callaway, Harold K. Brode, William H. Porter, Defendants,**

**and**

**Walter Redman, Respondent.**

**Civ. A. No. 87–546–JJF.**

United States District Court, D. Delaware.

Sept. 23, 1991.

Opinion on Motion for Amendment, Clarification and Reargument
Oct. 4, 1991.

---

212

Charlene D. Davis of Bayard, Handelman & Murdoch, Wilmington, Del., for plaintiff/petitioner.

John K. Welch, Deputy Atty. Gen., Dept. of Justice, Wilmington, Del., for defendants.

Gary A. Myers, Deputy Atty. Gen., Dept. of Justice, Georgetown, Del., for respondent.

## MEMORANDUM OPINION

FARNAN, District Judge.

The Court has presently before it a myriad of applications, both of a procedural and substantive nature.[1] Petitioner William Henry Flamer has pending the following: (1) Motion Objecting to Respondents' Manner in Obtaining Official Records; (2) Motion for Order Requiring Authentication of State Court Records; (3) Motion for Reconsideration of Order dated March 18, 1991 Withdrawing the Magistrate's Rule to Show Cause Order dated March 18, 1988; (4) Motion to Expand the Record and for Leave to Take Discovery; (5) Motion for the Continued Stay of Execution; (6) Motion for Leave to File a Third Amended Complaint; (7) Motion for Order Requiring Filing of Copies of Transcripts and Related Relief; (8) Motion to Strike Exhibits; and (9) Motion by Joshua L. Simon to Withdraw as Co–Counsel for Petitioner.

Respondent Stanley W. Taylor ("Taylor") has pending the following: (1) Motion for a More Definite Statement; (2) Motion for Partial Summary Judgment and to Dismiss for Failure to State a Claim; and (3) Motion to Supplement Respondent's Filing Under Habeas Rule 5.

Defendants Harold K. Brode ("Brode"), Raymond Callaway ("Callaway"), Darl Chaffinch ("Chaffinch") and William H. Porter ("Porter") (collectively "the State Defendants") have pending a Motion to Dismiss.

The delayed and extensive litigation that has occurred in the state court system since 1980[2] has created a plethora of threshold issues in this Court regarding the "state court record."

Respondent initially sought to procure the "state court record" for purposes of Petitioner's habeas application by having it delivered from the various state courts to its attorney's office where it was contemplated that photocopies would be made for use and distribution.

When challenged by the Petitioner as to the propriety of such a procedure, without certification of such records by the state courts, Respondent defended its action by asserting that it was not required to submit certified copies of the state court records, even when it conceded that the "state court record" was required to resolve issues raised by Petitioner.

This application has also been complicated by Petitioner's inability to present a clear and straightforward petition setting out the constitutional claims Petitioner desires the Court to review.

## DISCUSSION

As the Court proceeds to a discussion of the Petitioner's various motions it is helpful to keep in mind the purpose of a federal habeas application. " 'We sit not to retry state cases de novo but rather to examine

---

**1.** By Order dated July 16, 1991, the Court severed Petitioner's claim under 42 U.S.C. Section 1983 from his petition for writ of habeas corpus, pending full disposition of Petitioner's habeas petition.

**2.** On February 7, 1980, Petitioner was convicted by a jury in the Delaware Superior Court In and For Kent County of first degree murder and related offenses, in connection with the February 7, 1979 murders of Alberta and Byard Smith. On February 12, 1980, after a penalty hearing, the same jury sentenced Petitioner to death. Pursuant to timely direct appeals, the Delaware Supreme Court affirmed Petitioner's conviction on February 7, 1983, 490 A.2d 104, and affirmed the imposition of the death penalty on September 24, 1984. The United States Supreme Court denied certiorari on Petitioner's

conviction on October 3, 1983 and on Petitioner's death sentence on October 7, 1985.

Petitioner then applied for post-conviction relief pursuant to Superior Court Criminal Rule 35(a). Following a hearing, Petitioner's Rule 35(a) motion was denied by the Superior Court on June 29, 1987. On appeal, the Delaware Supreme Court remanded the case for further proceedings consistent with Superior Court Criminal Rule 61. From May 4, 1988 through May 10, 1988, the Superior Court heard evidence on the issues Petitioner raised in his post-conviction motion. On June 16, 1989, the Superior Court denied Petitioner's post-conviction motion pursuant to Rule 61. On December 21, 1990, the Delaware Supreme Court affirmed the denial of Petitioner's motion.

the proceedings in the state court to determine if there has been a violation of federal constitutional standards.'" *Todaro v. Fulcomer,* 944 F.2d 1079, 1082 (3d Cir.1991) (quoting *Zettlemoyer v. Fulcomer,* 923 F.2d 284, 291 (3d Cir.1991)).

### A. *Motions Pertaining to State Court Records*

As previously mentioned, Petitioner has filed the following motions pertaining to custody of the state court records: (1) Motion for Order Requiring Authentication of State Court Records; and (2) Motion Objecting to Respondents' Manner in Obtaining Official Records. A short discussion of the factual and procedural history of these motions is appropriate.

Respondent, the State of Delaware ("Respondent") filed a petition in the Supreme Court of the State of Delaware and a petition in the Superior Court of the State of Delaware in and for Kent County to obtain the official state court records. The petition in the Delaware Supreme Court reads as follows:

> The undersigned [Gary A. Myers, Department of Justice] requests permission for this court to obtain, for purposes of photocopying, the records of this Court in the above-captioned appeals. Flamer has filed a writ of habeas corpus in the United States District Court for the District of Delaware (987–546–JJF) and pursuant to the federal rules, the State must file with that court a copy of all the state court's records. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 5.

Petition to Obtain State Court Records, February 28, 1991, Supreme Court of the State of Delaware (No. 60, 1980 & No. 216, 1987). Justice Andrew G.T. Moore, II, signed the Order granting the request on March 5, 1991.

The petition in the Superior Court is substantially the same as the petition in the Delaware Supreme Court. *See* Petition to Obtain State Court Records, March 4, 1991, Superior Court for the State of Delaware (Crim. A. Nos. IK79–11–0236 to 0239).

President Judge Henry D. Ridgely signed the Order on March 4, 1991.

Petitioner, William Henry Flamer, acting *pro se,* responded by filing a Motion Objecting to Plaintiffs' Manner in Obtaining Official Records, but the records had already been given to Respondent for photocopying.

On March 15, 1991, this Court appointed counsel for Petitioner.

In response to an Order of this Court dated April 4, 1991, Respondent produced a copy of the state court records for Petitioner. Then, by letter dated April 9, 1991, Respondent informed the Court that the state court records had been returned to the clerks of the appropriate state courts.

On April 16, 1991, Petitioner filed a Motion for an Order Requiring Authentication of State Court Records and/or an Evidentiary Hearing.

On April 18, 1991, this Court held argument on Petitioner's application for an evidentiary hearing regarding the custody and authenticity of the state court records.

At the argument, in response to the Court's question as to how the practice of the State taking custody of the original state court records for photocopying purposes in habeas proceedings developed, Respondent presented an affidavit of Loren C. Myers ("Myers"), a Deputy Attorney General in the State of Delaware Department of Justice ("Department of Justice"), who is assigned to represent the State of Delaware in all federal habeas proceedings. Affidavit of Loren C. Myers ("Affid.") (D.I. 60).

The affidavit of Mr. Myers states that prior to June 1984, prosecutors representing the State in federal habeas proceedings would obtain an order from the Delaware Superior Court authorizing them to obtain temporary custody of the state court records in order to permit the State to file the original state court record with the Clerk of the District Court. Affid. at ¶ 4. Mr. Myers stated that he ceased this practice in June of 1984 because original state court records had been lost by "federal judicial personnel" in two separate habeas

proceedings. *See* Affid. at ¶¶ 5–7. Mr. Myers then stated the present policy of the Department of Justice:

> If a copy of those documents is not available in Department of Justice files, I obtain temporary custody of the Superior Court or Supreme Court file and photocopy two sets of the relevant documents. I then return the original record to the state court and file one set of the photocopied documents with the Clerk of the District Court; I retain, as part of my case file, the other set of the photocopied documents. I have used this procedure in an estimated 200 to 220 federal habeas actions, and at no point has the United States [M]agistrate, any district judge, or any circuit judge indicated that the procedure is unacceptable.

Affid. at ¶ 8. Respondent did not indicate any statutory authority for such a procedure.

### 1. Certified State Court Record Issue

█ The Court concludes that any state court records required to be filed pursuant to 28 U.S.C. Section 2254 et seq., as well as any state court records ordered to be produced by the Court, must be produced in certified form. *See Wilson v. Redman,* C.A. No. 89–004–MMS, 1991 WL 226017 (D.Del. August 20, 1991), at 8–11.

Title 28 U.S.C. Section 2254(f) reads as follows:

> A copy of the official records of the State court, *duly certified by the clerk of such court to be a true and correct copy of a finding, judicial opinion, or other reliable written indicia showing such a factual determination by the State court,* shall be admissible in the Federal court proceeding.

(emphasis added).

The Court further concludes that Section 2254(f) clearly requires that a certified copy of the state court record[3] be produced in a federal habeas proceeding. The remaining question is whether Respondent is required to produce a copy of the entire record of the state court proceedings, or selected portions thereof.

Rule 5 of the Rules Governing Section 2254 Cases states in pertinent part:

> The answer shall indicate what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available.... There shall be attached to the answer such portions of the transcripts as the answering party deems relevant. The court on its own motion or upon request of the petitioner may order that further portions of the existing transcript be furnished....

█ The Court concludes that Rule 5 must be read together with 28 U.S.C. Section 2254(f).[4] The Court further concludes that a reading consistent with both of the two statutory provisions requires that the only portions of the state court record that Respondent must produce *in certified form* are (1) "such portions of the transcripts as the answering party deems relevant"; and (2) portions of the record ordered by the Court "on its own motion or upon request of the petitioner."

### 2. Manner of Obtaining State Court Record In This Case

The Court will grant the Respondent until October 7, 1991 to either file a certified copy of the state court record or certify the copy that is presently filed.

### B. *Petitioner's Motion for Reconsideration*

By Order dated October 13, 1987, this Court referred the instant habeas petition[5] to the United States Magistrate for the District of Delaware, who subsequently is-

---

**3.** In lieu of filing a certified copy of the state court record, Respondent may submit the original state court record, certified as such.

**4.** The Court finds persuasive Judge Schwartz's analysis in *Wilson, supra,* that "Rule 5 sets forth the procedure for mechanically getting the record of the state court proceedings into the record of the federal habeas proceedings, while Section 2254(f) establishes the criteria for admissability in the federal court." *Wilson, supra,* at 10.

**5.** At the time, the instant action was a combined 28 U.S.C. Section 2254 (habeas) and 42 U.S.C. Section 1983 (civil rights) case.

sued a Rule to Show Cause pursuant to Rule 4 of the Rules governing 28 U.S.C. Section 2254 cases. *See* Order dated April 18, 1988. The Rule to Show Cause ordered the Respondent to file an answer to the petition and to file a certified state court record pursuant to 28 U.S.C. Section 2254(f).[6] *See Id.*

On May 11, 1988, the Respondent filed a Motion to Dismiss the petition, contending that Petitioner had failed to exhaust state remedies. The Respondent did not file a certified state court record. On September 14, 1988, the Magistrate issued a Report and Recommendation advocating dismissal of several defendants from the civil rights action, and a stay of the federal court proceedings until Petitioner had exhausted his state remedies.

By Order dated July 5, 1989, this Court adopted the Magistrate's Report and Recommendation. By letter dated February 27, 1991, the Court was advised that Petitioner's state court remedies were exhausted on December 21, 1990.

By Order dated March 18, 1991, this Court withdrew the Magistrate's April 18, 1988 Rule to Show Cause Order. Petitioner has filed a Motion for Reconsideration of this Order, arguing as follows:

9. To the extent that the withdrawal of the Rule to Show Cause implies that the petition and/or amended petition can now be summarily dismissed, the Petitioner requests reargument.

10. To the extent that the withdrawal of the Rule to Show Cause relieves the Respondent of the obligation to file a certified state court record, pursuant to 28 U.S.C. § 2254(f), the Petitioner requests reargument. [footnote omitted].

11. In the alternative, the Petitioner requests that the Court issue an Order clarifying that (i) the petition and/or the amended petition on their face require an answer from the Respondent; and (ii) that the Respondent remains obligated to file with this Court a certified state court record in accordance with the Magistrate's Rule to Show Cause and 28 U.S.C. § 2254(f).

Petitioner's Motion for Reargument, at 4–5.

As to Petitioner's first contention, the Court concludes that whatever the implication, the Court is affording Petitioner a full and fair hearing on the merits of his petition, thus reargument of the Court's March 18, 1991 Order withdrawing the Magistrates' Rule to Show Cause is unnecessary.

The Court further concludes that Petitioner's Motion for Reargument is moot as to his second and third contentions because (1) this Court is requiring Respondents to file a certified copy of the state court record (*see Motions Pertaining to State Court Records, supra*); and (2) Respondents have already filed an Answer to Petitioner's habeas petition.

### C. Motion to Expand the Record and for Leave to Take Discovery

In the instant habeas petition, Petitioner has asserted, *inter alia*, ineffectiveness of his legal counsel, Dennis A. Reardon, Esq. ("Reardon"), at both the trial and appellate stages of the case. Petitioner alleges that a review by his present counsel of the records on file with the Clerk of the Delaware Supreme Court revealed a "memo taped to the cover of the [Delaware] Supreme Court file on Petitioner's direct appeal stating: 'send to Chas. F. Richards, (Censor Comm.) for their use in 360, 1982 (Reardon).'" Petitioner's Motion to Expand the Record, at 2.

Petitioner alleges that 360, 1982 (Reardon) was an investigation by the Censor Committee into the professional conduct of his trial and appellate counsel, Dennis A. Reardon, Esq.

Petitioner has filed a Motion to Expand the Record and for Leave to Take Discovery, and seeks the following: (1) the Delaware Supreme Court Censor Committee files in 360, 1982 (Reardon); (2) a deposition of Dennis A. Reardon, Esq.; (3) ex-

---

**6.** Contrary to the statements in Mr. Myers affidavit declaring the acceptability of filing an uncertified copy, it appears that in fact, Respon- dents represented by Mr. Myers simply ignored the Court's order in habeas cases.

pansion of the state court record in the instant case to include the Censor Committee file as it relates to Petitioner's representation by Mr. Reardon; and (4) leave to request further discovery if testimony or documents demonstrate a need for it.

Petitioner avers that the records of the Censor Committee [7] relating to the investigation and disposition of 360, 1982 (Reardon) are not in Petitioner's state court record, and that the information sought is relevant, material and likely to lead to the discovery of admissible evidence with respect to Petitioner's ineffective assistance of counsel claim.

Respondent does not take any position with regard to Petitioner's request to review the Censor Committee files in 360, 1982 (Reardon), but does object to those files being automatically made part of the record in this habeas proceeding.

■ The Court concludes that Petitioner should issue a subpoena duces tecum to the appropriate custodian of said records for production under seal of the Censor Committee's files relating to 360, 1982 (Reardon) for the purpose of an in camera review by this Court. See Fed.R.Civ.P. 45. After an in camera review, the Court will determine those portions of the file, if any, that pertain to Petitioner's claims.

If the Court finds, after an opportunity for Respondent to be heard, that it should admit any part of the Censor Committee's file into the record, the Court will then grant Petitioner's Motion to Expand the Record for that purpose. Until such time the Court will reserve decision on Petitioner's motion.

Additionally, since Petitioner may have reason to further question Mr. Reardon regarding the specific issues that might arise from the admission of the Censor Committee file, decision on Petitioner's Motion to Depose Mr. Reardon will be reserved.

In sum, the Court will wait until it has had the opportunity to review the files of the Censor Committee relating to Mr. Reardon before deciding these motions.

### D. *Motion for the Continued Stay of Execution*

In determining whether to issue a stay, a court must consider:

(1) the likelihood of success on the merits; (2) the possibility of irreparable injury if the stay is not granted; (3) the substantial harm to the other parties if the stay is granted; and (4) the public interest.

*O'Bryan v. Estelle*, 691 F.2d 706, 708 (5th Cir.1982) (citations omitted). In *O'Bryan*, the Court further stated that while the movant need not always show a probability of success on the merits, he must " 'present a substantial case on the merits when a serious legal question is involved and show that *the balance of the equities*, [i.e., the other three factors] *weighs heavily in favor of granting of the stay.*' " *O'Bryan*, 691 F.2d at 708 (citations omitted) (emphasis in original).

■ Respondent admits that the claims presented in paragraphs 24(a)(i), 24(b) and 24(c) of Petitioner's second amended petition present "substantial issues," but contends that Petitioner's other claims do not rise to the level sufficient to support a further stay of the execution. Respondent's Response (D.I. 92), at 1. The Court concludes that the criterion of "substantial case on the merits when a serious legal question is involved" is satisfied by Respondent's admission, and by Petitioner's claim that constitutional error was committed by the "introduction into evidence at trial of a statement, obtained from him by police-initiated interrogation after he had invoked his right to counsel and after the Justice of the Peace had appointed the Public Defender to represent him." Motion for Continued Enforcement of the Stay of Execution (D.I. 73), at 3.

**7.** In 1982, the Censor Committee was charged by the Delaware Supreme Court with investigating allegations of attorney misconduct and ethical violations, and with imposing sanctions for violations of the same. In 1985, the Censor Committee was replaced with the Board on Professional Responsibility. *See* Delaware Supreme Court Rule 61 et seq.

■ The Court also concludes that the possibility of irreparable injury in a capital case obviously weighs in favor of the movant. *See O'Bryan,* 691 F.2d at 708, and that the public interest would be best served by granting a stay until the Court can address the issues Petitioner raises in his petition.

### E. *Motion for Leave to File a Third Amended Complaint*

Petitioner requests leave to amend, "to the extent necessary, [to address] those allegations of the Second Amended Petition which Respondent has alleged fail to state a claim or which Respondent has maintained were not fairly presented, are not exhausted, or are procedurally barred." Motion for Leave to Amend (D.I. 109), at 4. The Court will grant Petitioner leave to amend to the extent requested.

Petitioner additionally seeks an order requiring Respondent to furnish petitioner with the transcripts of the oral arguments made by counsel in the Delaware Supreme Court. Petitioner claims that his counsel was at a disadvantage with respect to the issue of exhaustion because his counsel did not possess personal knowledge of the proceedings before the Delaware Supreme Court.

The Court concludes that Petitioner has failed to demonstrate that he is entitled to be furnished with the transcripts of the oral arguments before the Delaware Supreme Court. In addition, Petitioner does have possession of the appellate briefs presented to the Delaware Supreme Court which should be sufficient for the needs of his present counsel. Thus, this application will be denied.

### F. *Motion for Order Requiring Filing of Transcripts and Related Relief*

#### 1. Filing of Transcripts

Petitioner moves for an order requiring Respondent to furnish "certified" copies of the following state court proceedings, exhibits, or pleadings:

(a) Suppression Hearing (Oct. 29–31 & Nov. 5, 1979);

(b) Oral Argument on Flamer's Motion to Suppress (Jan. 14, 1980);

(c) Jury Selection (Excerpts) (Jan. 24, 1980);

(d) Jury Selection and Opening and Closing Statements at Guilt and Innocence Trial (Jan. 24, 28 & Feb. 7, 1980);

(e) Trial and Penalty Hearing (Jan. 28–31 & Feb. 7, 1980);

(f) Opening and Closing Statements at Penalty Hearing (Feb. 12, 1980); Motion to Set Aside Death Sentence (Mar. 3, 1980);

(g) Evidentiary Hearing on Flamer's Application for Post–Conviction Relief under Del.Super.Ct.Crim.R. 35(a) (Sept. 29, 1986);

(h) Evidentiary Hearing on Flamer's Application for Post–Conviction Relief under Del.Super.Ct.Crim.R. 61 (May 4–5, 9–11, 1988);

(i) Exhibits introduced into evidence at the Suppression Hearing, the Trial, and the Evidentiary Hearings on Flamer's Application for Post–Conviction Relief under Del.Super.Ct.Crim.R. 35(a) and Flamer's Application for Post–Conviction Relief under Del.Super.Ct.Crim.R. 61;

(j) Oral Arguments before the Delaware Supreme Court (as yet not transcribed);

(k) Jury Instructions submitted by the State and Petitioner's counsel at both the guilt/innocence and the penalty phases;

(*l*) Motion for psychiatric or psychological examination filed in the trial court;

(m) Motion to suppress filed in the trial court, along with any briefing thereon;

(n) Motion to sever the trials of Flamer and Deputy, filed by the State in the trial court;

(o) Indictments, nolle prosequi[s] orders, and sentences in the trial court;

(p) Petition for Post–Conviction Relief pursuant to Super.Ct.Cr[im].R. 35(a);

(q) Flamer's motion to remand on the Rule 35 appeal, the State's response thereto, and the order remanding the post-conviction relief petition; and

(r) Petition for Post–Conviction Relief pursuant to Super.Ct.Cr[im].R. 61.

Petitioner's Motion for Filing of Transcripts (D.I. 107), at 5–6.

With regard to the information sought in paragraphs (a) and (b), *supra*, Petitioner represents to the Court in his Reply that Respondent has agreed to furnish Petitioner with the requested transcripts, thus the issue is moot. *See* Reply (D.I. 126), at 4.

Petitioner's request for transcripts of the oral arguments before the Delaware Supreme Court (paragraph (j)) is rendered moot by the Court's decision in Subsection E., *supra*, pertaining to the Petitioner's Motion for Leave to Amend to File a Third Amended Complaint.

■ With regard to the remaining information sought, the Court concludes that Respondent is not required to furnish Petitioner with certified copies for the following reasons: (1) Petitioner is in possession of at least one copy of the entire state court record, albeit "uncertified"; (2) many of the above documents were submitted to the Court as exhibits in the instant proceeding, thus Petitioner is in possession of an additional copy of some documents; (3) Petitioner has failed to demonstrate that the requested information is material to his constitutional claims in the instant proceeding.

### 2. Affidavits of Records Custodians

■ Petitioner additionally requests an order directing the Respondent to file sworn statements by the official records custodians indicating the dates that the state court records, or any part thereof, were in the possession of others; the identity of such persons; and the authority by which they took possession.[8] In the alternative, Petitioner requests leave to take discovery of the records custodians to ascertain the same information.

Since the Court is requiring the Respondent to file a certified state court record, Petitioner's requests will be denied.

**8.** *See* Subsection A, Motions Pertaining to State Court Records, *supra*, for background informa-

### G. *Motion to Strike Exhibits*

■ Petitioner moves to strike exhibits 3, 4, 11A and 11B of Respondent's Answer to Petitioner's Second Amended Habeas Petition, pursuant to Habeas Rule 5 which reads in pertinent part:

There shall be attached to the answer such portions of the transcripts as the answering party deems relevant. The court on its own motion or upon request of the petitioner may order that further portions of the existing transcript be furnished.... If the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief on appeal and of the opinion of the appellate court, if any, shall also be filed by the Respondent with the answer.

Exhibits 3 and 4 are the unreported opinions of the Delaware Superior Court in Petitioner's two post-conviction motions. Exhibits 11A and 11B are the "questions presented" sections of Petitioner's two petitions for certiorari to the United States Supreme Court.

Petitioner contends that exhibits 3, 4, 11A and 11B should be excluded because they are not transcripts, briefs on appeal or opinions from an appellate court as required by Habeas Rule 5.

Respondent responds that exhibits 3 and 4 are relevant because in denying Petitioner's motions for post-conviction relief, the Delaware Supreme Court incorporated the factual findings made by the Superior Court. The Court agrees.

Habeas Rule 5 speaks in mandatory terms, stating what *must* be attached to the answer, but does not address what may not be attached to the answer. The Court will deny Respondent's motion to strike exhibits 3, 4, 11A and 11B because the Court concludes that they are relevant to this proceeding.

tion.

### H. *Motion to Withdraw*

On March 14, 1991, the Court appointed Charlene D. Davis ("Davis") and Joshua L. Simon ("Simon") to represent Petitioner. Both counsel were members of the same firm, Bayard, Handelman & Murdoch, P.A., at the time of appointment. On June 21, 1991, Simon filed a Motion to Withdraw as counsel for Petitioner. Simon's employment relationship with Bayard, Handelman terminated on June 30, 1991, and as of the time of the motion, Simon had not obtained subsequent employment. Simon avers that his personal and family obligations require that he have stable, predictable and periodic income, and that the Court procedure for the payment of attorney's fees does not offer such stability in his present position.

The Drug Abuse Prevention and Control Act of 1988, Title 21 U.S.C. Section 801 et seq., controls the substitution of counsel in capital cases. Title 21 U.S.C. Section 848(q)(8) reads as follows:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings. . . .

The Court will grant Simon's Motion to Withdraw upon the appointment of "similarly qualified counsel." The Court requests that Ms. Davis submit the name or names of counsel that could be associated with her for purposes of this case. Said submission should be made no later than October 7, 1991.

### I. *Motion for a More Definite Statement*

Respondent's Motion for a More Definite Statement is moot because counsel for Petitioner stated during a telephone conference that she will address this in Petitioner's Third Amended Complaint.

### J. *Motion for Partial Summary Judgment and to Dismiss for Failure to State a Claim*

Because the Court is granting Petitioner Leave to File a Third Amended Complaint, the Court is unable to render a decision on Respondent's Motion to Dismiss and Motion for Partial Summary Judgment. Thus, decision will be reserved so that the Court will have the benefit of the parties briefing on the third petition.

### K. *Motion to Supplement Respondent's Filing Under Habeas Rule 5*

Respondent filed a Motion to Supplement his habeas filing to include a short supplemental memoranda on four federal decisions filed by Petitioner in the Delaware Supreme Court during Petitioner's post-conviction appeal. Respondent's motion will be granted.

### L. *State Defendants' Motion to Dismiss*

By Order dated July 16, 1991, the Court severed Petitioner's claim under 42 U.S.C. Section 1983 from his petition for writ of habeas corpus, pending full disposition of Petitioner's habeas petition.

The State Defendants' Motion to Dismiss is thereby stayed, pending full disposition of Petitioner's habeas petition.

### CONCLUSION

An Order consistent with this Memorandum Opinion will be entered.

### ON MOTION FOR AMENDMENT, CLARIFICATION, AND REARGUMENT

The Court has before it Respondent's Motion for Amendment, Clarification and Reargument of this Court's Memorandum Opinion and Order of September 23, 1991. Respondent's motion was filed on October 3, 1991.[1] Respondent raises issues relating to (1) the deadline for the filing of Petitioner's Third Amended Complaint and (2) the

---

1. Because the Court has ordered Respondent to file a certified copy of the state court record by October 7, 1991, the Court has ruled on Respondent's motion without the opportunity for Petitioner to respond, however, the Court notes its decision today in no way prejudices Petitioner and permits the matters raised by Respondent's motion to be resolved without further delay.

production of a certified copy of the state court record related to Petitioner's state court conviction.

Generally, in the ordinary course of a habeas proceeding challenging a state court conviction, the State must produce in certified form only those portions of the state court record that the answering party deems relevant and those portions the Court orders produced on its own motion or upon the request of a petitioner. *See* Mem. Op. September 23, 1991, at p. 215.

The circumstances of this case, however, are not ordinary. The Respondent obtained custody of the original state court record from the Clerk of the State Superior Court and Supreme Court for photocopying, with the intention of providing this Court and the Petitioner a copy. Petitioner objected to the State's custody of the original record and after a telephone conference with the parties, the Court ordered on April 4, 1991, that a copy of the state court records obtained by the State be provided to the Petitioner. By its April 4th Order, the Court sought to ensure the Petitioner's access to the original court records Respondent had custody of from the two state courts. The Court considered such access important in satisfying the Petitioner and the Court that the state court record had not intentionally or unintentionally been altered. As discussed in the September 23, 1991 Memorandum Opinion, the State contended that whatever state court record it filed, whether by way of an answer or by Order of the Court, was not required to be certified.

Now that the "certification issue" has been resolved by the Court's September 23, 1991 Memorandum Opinion and Order, the Court has ordered Respondent to produce by October 7, 1991, either a certified copy (the original state court record is certainly acceptable) of the entire state court record related to Petitioner's state court conviction, or caused to be certified the copy of the state court record it originally produced in response to the Court's April 4, 1991 Order.

In response to Respondent's second application concerning Petitioner's filing of a third amended complaint, Petitioner shall have ten (10) days after the filing of the state court record pursuant to the Court's September 23, 1991 Order, to file a third amended complaint.

Finally, since the Court concludes that the other matters addressed in Respondent's motion do not require clarification or modification, and do not raise new issues not dealt with by the Court's September 23, 1991 Memorandum Opinion and Order, Respondent's motion in all other respects will be denied.